UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-62206-DIMITROULEAS/AUGUSTIN-BIRCH

AYATOLLAH HYLTON,

    Plaintiff,

v.

CHIVONE JANEE HYLTON, *et al.*,

    Defendants.
_____/

## OMNIBUS REPORT AND RECOMMENDATION ON PENDING MOTIONS

The Honorable William P. Dimitrouleas, United States District Judge, referred this case to the undersigned United States Magistrate Judge for a ruling on all non-dispositive matters and for a report and recommendation on all dispositive matters. DE 12. The case now comes before the Court on several pending motions. The Court first discusses pending Motions to Dismiss and then second discusses pending motions relating to default. The Court then addresses inaccuracies that it discovered in Plaintiff's filings.

### I.    Motions to Dismiss

Defendant Freedom Mortgage Corporation was the first Defendant to move to dismiss this case. DE 60. Plaintiff Ayatollah Hylton responded to that Motion to Dismiss by moving to strike it. DE 66. The Amended Complaint is filed at docket entry 21-1. Defendant Freedom Mortgage Corporation asserts that the Amended Complaint does not state any claim upon which relief can be granted and is a shotgun pleading. Defendant Freedom Mortgage Corporation's assertions are correct.

### A. Failure to State a Claim

A court liberally construes a *pro se* pleading, holding it to a less stringent standard than a pleading that an attorney drafted. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). But the court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *In re Ellingsworth Residential Cmty. Ass'n*, 125 F.4th 1365, 1377 (11th Cir. 2025) (quotation marks omitted). The *pro se* complaint "must still comply with the Federal Rules of Civil Procedure and provide some factual support to plausibly state its claims." *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 182 (11th Cir. 2019).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.*

The Amended Complaint pleads claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and claims of a civil rights violation, fraud, and forgery. DE 21-1. The Amended Complaint does not come close to plausibly stating any of the claims. Each claim is pled as a conclusion without factual allegations that would satisfy any of the elements of the claim. For example, Plaintiff pleads a claim of "RICO Enterprise," but for that claim Plaintiff simply alleges, "Defendants formed an association-in-fact enterprise structured to misappropriate Plaintiff's equity and obstruct judicial processes using forged instruments and concealment." *Id.* at 2. Similarly, Plaintiff pleads a claim of "Civil RICO" and simply alleges, "Defendants conducted an enterprise through a pattern of racketeering activity causing direct injury to Plaintiff"

and pleads a claim of "RICO Conspiracy" and simply alleges, "Defendants knowingly agreed to participate in the racketeering enterprise." *Id.* at 2–3. Plaintiff simply alleges some of the elements of the claims in a conclusory fashion and does not make factual allegations that satisfy those elements.

The pleading standard for Plaintiff's fraud claim is higher than the plausibility standard, and Plaintiff does not meet the heightened pleading standard either. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) is satisfied if the complaint pleads (1) "precisely what statements were made in what documents or oral representations or what omissions were made," (2) "the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same," (3) "the content of such statements and the manner in which they misled the plaintiff," and (4) "what the defendants obtained as a consequence of the fraud." *Al Rushaid Petroleum Inv. Co. v. Siemens Energy Inc.*, 159 F.4th 887, 896 (11th Cir. 2025) (quotation marks omitted). Essentially, the fraud claim must identify "the who, what, when, where, and how of the fraud alleged." *Id.* (quotation marks omitted). Plaintiff's fraud claim does not meet this standard. The fraud claim simply alleges, "Defendants created, recorded, and enforced forged mortgage instruments." DE 21-1 at 3.

Plaintiff filed various exhibits along with the Amended Complaint. DE 22. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). But the Amended Complaint does not explain which claim, element, or allegation each exhibit is intended to support. Plaintiff cannot simply file a conglomeration of various documents in lieu of providing factual allegations that plausibly state the claims. The Amended Complaint does not state any claim upon which relief can be granted.

### B. Shotgun Pleading

A shotgun pleading violates the requirement that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018); *see* Fed. R. Civ. P. 8(a)(2) (requiring a pleading to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief"). A shotgun pleading fails to some degree to give the defendants adequate notice of the claims against them and the grounds on which each claim rests. *Vibe Micro*, 878 F.3d at 1295.

There are four basic types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). First and most commonly, a pleading is shotgun if it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Second, a pleading is shotgun if it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third, a pleading is shotgun if it does "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323. Fourth and finally, a pleading is shotgun if it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The Amended Complaint is the fourth type of shotgun pleading in that it pleads multiple claims against multiple Defendants without specifying which Defendants are responsible for which acts or omissions. Plaintiff has named nine Defendants, but Plaintiff has not pled factual allegations specifying the acts or omissions that make each Defendant liable for each claim. DE 21-1. The Amended Complaint is a shotgun pleading.

4

Before dismissing a complaint, a court must give a *pro se* party at least one opportunity to amend if a more carefully drafted complaint might state a claim. *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023). The Court recommends that Plaintiff be given an opportunity to file a Second Amended Complaint. The Second Amended Complaint must comply with Federal Rules of Civil Procedure 8, 9, and 10, including the requirements that the Second Amended Complaint include an appropriate caption, make allegations "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," identify each legal claim in a separate count, and identify the Defendant(s) that each legal claim is brought against. Fed. R. Civ. P. 10(a), (b). The Second Amended Complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of [each] claim showing that [Plaintiff] is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Any fraud count must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The Second Amended Complaint must contain non-conclusory, factual allegations showing why each Defendant is liable under each count raised against it and must incorporate into each count only those allegations that support the count.

The Second Amended Complaint must be a single document that contains all of Plaintiff's claims and allegations against all of the Defendants. The Second Amended Complaint may not incorporate by reference other pleadings. *See Rivas v. Taylor Made Lending LLC*, No. 25-80260-CV, 2025 WL 1882831, at *2 (S.D. Fla. Feb. 26, 2025) ("Plaintiff is reminded that the Amended Complaint supersedes the initial complaint and becomes the operative pleading in the case. Therefore, the Amended Complaint must be a single document that contains all of Plaintiff's allegations." (citation omitted)). If Plaintiff attaches documents to the Second Amended

5

Complaint, the Second Amended Complaint must explain which factual allegations each document is intended to support.

Because the Amended Complaint does not state a claim upon which relief can be granted and is a shotgun pleading, the Court recommends that Defendant Freedom Mortgage Corporation's Motion to Dismiss [DE 60] be **GRANTED** and that the Amended Complaint [DE 21-1] be dismissed without prejudice and with leave to amend.[1]  Several other Defendants have also filed Motions to Dismiss, some of which are continuing to brief as of the date of this Report and Recommendation.  DE 80; DE 82; DE 83; DE 90; DE 94.  The Court recommends that these other Motions to Dismiss (as well as any additional Motions to Dismiss the Amended Complaint that may be filed after the date of this Report and Recommendation) be **DENIED AS MOOT**.

## II.     Motions Relating to Default

Plaintiff moves for default final judgment against Defendant Freedom Mortgage Corporation, contending that Defendant Freedom Mortgage Corporation did not timely respond to the Amended Complaint.  DE 62.  But Defendant Freedom Mortgage Corporation did timely respond to the Amended Complaint.  After Plaintiff filed the Amended Complaint on November 20 [DE 21-1], Defendant Freedom Mortgage Corporation had 14 days—until December 4—to respond.  Fed. R. Civ. P. 15(a)(3) ("[A]ny required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").  Defendant Freedom Mortgage Corporation timely responded to the Amended Complaint on December 4 by filing its Motion to Dismiss.  DE 60;

---

[1] In addition to asserting that the Amended Complaint does not state a claim and is a shotgun pleading, Defendant Freedom Mortgage Corporation contends in its Motion to Dismiss that the Court should abstain from exercising jurisdiction in this case.  Because the Amended Complaint is so lacking in factual allegations, the Court is unable to determine whether an abstention doctrine applies.  Thus, the Court cannot evaluate Defendant Freedom Mortgage Corporation's abstention argument based on the current pleading.

Fed. R. Civ. P. 12(a)(4) (providing that serving a Rule 12(b) motion alters the period of time by which to answer a complaint).

Even if Defendant Freedom Mortgage Corporation had not timely responded to the Amended Complaint, Plaintiff could not obtain default final judgment. As explained above, the Amended Complaint does not state a claim upon which relief can be granted. A plaintiff cannot obtain default final judgment on a complaint that does not state a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (explaining that "a default judgment cannot stand on a complaint that fails to state a claim"). Therefore, Plaintiff cannot obtain default final judgment on this record. The Court recommends that Plaintiff's Motion for Default Final Judgment against Defendant Freedom Mortgage Corporation [DE 62] be **DENIED**.

Defendant Freedom Mortgage Corporation moves to set aside the Clerk's default entered against it at docket entry 55. DE 59. The Court recommends that this request be **GRANTED** and that the Clerk's entry of default [DE 55] be **SET ASIDE** because, as already stated, Defendant Freedom Mortgage Corporation timely responded to the Amended Complaint and is not in default. Defendant Freedom Mortgage Corporation also asks for sanctions against Plaintiff for having moved for Clerk's entry of default. The Court recommends that the sanctions request be **DENIED**. Plaintiff is proceeding *pro se* and may have been confused or mistaken about the procedures and deadlines relating to pleadings when Plaintiff prematurely sought Clerk's entry of default. While the Court does not recommend sanctions at this time, the Court reminds Plaintiff that *pro se* parties are responsible for following the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules. *Revol v. Wellington Reg'l Med. Ctr.*, 855 Fed. App'x 658, 659 (11th Cir. 2021) ("All litigants in federal court—*pro se* or counseled—are required to comply with applicable procedural rules."). In sum, the Court recommends that Defendant Freedom Mortgage

Corporation's Motion to Set Aside Clerk's Entry of Default and for Sanctions Against Plaintiff [DE 59] be **GRANTED IN PART AND DENIED IN PART**.

Plaintiff moves to strike Defendant Freedom Mortgage Corporation's Motion to Dismiss, arguing that the Motion to Dismiss was untimely and that the Clerk already had entered default against Defendant Freedom Mortgage Corporation. DE 66. Plaintiff also requests sanctions against Defendant Freedom Mortgage Corporation. The Court recommends that Plaintiff's Motion to Strike [DE 66] be **DENIED** because Defendant Freedom Mortgage Corporation timely filed the Motion to Dismiss and because the Court is recommending that the Clerk's entry of default against Defendant Freedom Mortgage Corporation be set aside.

Plaintiff moves for default final judgment against Defendant Budget Notary Services, Inc. DE 76. As already stated, Plaintiff cannot obtain default final judgment because the Amended Complaint does not state a claim upon which relief can be granted. *Chudasama*, 123 F.3d at 1370 n.41 (explaining that "a default judgment cannot stand on a complaint that fails to state a claim"). The Court recommends that Plaintiff's Motion for Default Final Judgment against Defendant Budget Notary Services, Inc. [DE 76] be **DENIED**.

Plaintiff moves to strike Defendant Michael H. Johnson's Motion to Dismiss, arguing that the Motion to Dismiss was untimely and that the Clerk already had entered default against Defendant Michael H. Johnson at docket entry 88. DE 91. Defendant Michael H. Johnson filed his Motion to Dismiss one day late on December 17, as the Court granted him until December 16 to respond to the Amended Complaint. DE 54; DE 90. Just like *pro se* parties, counseled parties are required to comply with procedural rules and deadlines. *Revol*, 855 Fed. App'x at 659 ("All litigants in federal court—*pro se* or counseled—are required to comply with applicable procedural rules."). Nevertheless, courts have a strong policy of determining cases on their merits rather than

8

through default. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) ("Because of our strong policy of determining cases on their merits, however, default judgments are generally disfavored." (quotation marks omitted)). The Court therefore recommends that the Clerk's entry of default against Defendant Michael H. Johnson [DE 88] be **SET ASIDE** and that Plaintiff's Motion to Strike Defendant Michael H. Johnson's Motion to Dismiss [DE 91] be **DENIED**.

### III. Plaintiff's Inaccurate Citations

In order to form recommendations on the motions addressed above, the Court carefully reviewed Plaintiff's filings and discovered that various citations and quotations Plaintiff includes in filings are inaccurate. As just one example of these inaccuracies, on the first page of an opposition at docket entry 67, Plaintiff cites "Wachovia Bank v. Tien, No. 05-60821, 2008 WL 11333017 (S.D. Fla. Feb. 12, 2008)" as containing the quoted language, "A last-minute email or single communication is insufficient to satisfy Local Rule 7.1(a)(3). Motions filed without good-faith conferral may be denied or stricken." DE 67 at 1. There is no case (*Wachovia Bank v. Tien* or otherwise) at the Westlaw citation 2008 WL 11333017. There was a case in the Southern District of Florida that used court file number 05-60821, but that case was *Ely v. Commissioner of Social Security Administration* (not *Wachovia Bank v. Tien*). *See Ely v. Comm'r of Soc. Sec. Admin.*, 0:05-cv-60821-RLD (S.D. Fla.). And there was a case by the name of *Wachovia Bank v. Tien* in the Southern District of Florida, but there was no order entered in that case on February 12, 2008, much less an order containing the language Plaintiff purports to quote. Suffice it to say that everything about this particular citation is inaccurate.

When a party files a paper in court, the party certifies that the representations in that paper are correct to the best of the party's knowledge, information, and belief formed after a reasonable

inquiry.  *See* Fed. R. Civ. P. 11(b).  Reasonable inquiry means that parties must check the citations and quotations within their filings for accuracy.  Relying on artificial intelligence to generate cases to support a proposition, for example, without verifying the existence of an actual case that actually stands for the proposition and actually includes any language being quoted is not reasonable inquiry and may lead to sanctions, including monetary penalties and dismissal of a party's claims.  The Court expects all of the parties to this case to act accordingly.

## IV.     Recommendations

For the foregoing reasons, the Court recommends that Defendant Freedom Mortgage Corporation's Motion to Dismiss [DE 60] be **GRANTED** and that the remaining Motions to Dismiss [DE 80; DE 82; DE 83; DE 90; DE 94] be **DENIED AS MOOT**.  The Court recommends that the Amended Complaint [DE 21-1] be dismissed without prejudice and with leave to amend.  The Court recommends that Plaintiff's Motion for Default Final Judgment against Defendant Freedom Mortgage Corporation [DE 62] be **DENIED**.  The Court recommends that Defendant Freedom Mortgage Corporation's Motion to Set Aside Clerk's Entry of Default and for Sanctions Against Plaintiff [DE 59] be **GRANTED IN PART AND DENIED IN PART** and that the Clerk's entry of default against Defendant Freedom Mortgage Corporation [DE 55] be **SET ASIDE**.  The Court recommends that Plaintiff's Motion to Strike [DE 66] be **DENIED** and that Plaintiff's Motion for Default Final Judgment against Defendant Budget Notary Services, Inc. [DE 76] be **DENIED**.  Finally, the Court recommends that the Clerk's entry of default against Defendant Michael H. Johnson [DE 88] be **SET ASIDE** and that Plaintiff's Motion to Strike Defendant Michael H. Johnson's Motion to Dismiss [DE 91] be **DENIED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.

28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 5th day of January, 2026.

                                                PANAYOTTA AUGUSTIN-BIRCH
                                                UNITED STATES MAGISTRATE JUDGE