**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-62206-DIMITROULEAS/AUGUSTIN-BIRCH**

**AYATOLLAH HYLTON,**

     **Plaintiff,**

**v.**

**CHIVONE JANEE HYLTON,** *et al.*,

     **Defendants.**

                                  /

**REPORT AND RECOMMENDATION TO DISMISS**
**SECOND AMENDED COMPLAINT WITH PREJUDICE**

The Honorable William P. Dimitrouleas, United States District Judge, referred this case to the undersigned United States Magistrate Judge for a ruling on all non-dispositive matters and for a report and recommendation on all dispositive matters. DE 12. The case now comes before the Court on several pending Motions to Dismiss. DE 101; DE 104; DE 105; DE 108; DE 114; DE 118. The Court has carefully reviewed the parties' briefing and the record and is otherwise fully advised in the premises. The Court recommends that the Motions to Dismiss be **GRANTED**, that the Second Amended Complaint [DE 98] be **DISMISSED WITH PREJUDICE** and without leave to amend, and that this case be **CLOSED**.

In a prior Report and Recommendation, this Court explained that the Amended Complaint did not come close to plausibly stating any claim for relief because each claim was pled as a conclusion without factual allegations that would satisfy any of the elements of the claim. DE 96 at 2. The Court further explained that the Amended Complaint did not meet the heightened pleading standard for fraud claims. *Id.* at 3. The Court recommended giving Plaintiff an

opportunity to file a Second Amended Complaint that would state a claim upon which relief could be granted. *Id.* at 5 ("The Second Amended Complaint must contain non-conclusory, factual allegations showing why each Defendant is liable under each count raised against it and must incorporate into each count only those allegations that support the count.").

Plaintiff took advantage of that opportunity by filing the Second Amended Complaint. DE 98. But just like the Amended Complaint, the Second Amended Complaint does not state a claim upon which relief can be granted. Plaintiff again pleads claims in a wholly conclusory manner. For example, as Count I, Plaintiff pleads a claim under the Racketeer Influenced and Corrupt Organizations Act by alleging that "Defendants conducted and participated in the Enterprise's affairs through a pattern of racketeering activity." *Id.* at 4. As another example, as Count III, Plaintiff pleads common law fraud by alleging that "Defendants made material misrepresentations and omissions upon which Plaintiff relied to his detriment." *Id.*

The Second Amended Complaint does include some introductory allegations before it reaches the counts. *Id.* at 2–4. But none of the introductory allegations are incorporated into any of the counts, and therefore it is impossible to ascertain which allegations Plaintiff intends to support which counts. Moreover, the introductory allegations also consist almost entirely of conclusions, rather than facts. For instance, Plaintiff pleads that "Defendants formed an association-in-fact enterprise" that "shared a common purpose," that "Defendants' roles were coordinated and interdependent, with each defendant's conduct necessary to the success of the overall scheme," and that "Defendants committed predicate acts" that "were related and continuous, establishing closed-ended and open-ended continuity." *Id.* at 2–3. As another illustration, Plaintiff pleads that Defendant Chivone Janee Hylton "caused a subordinate mortgage bearing Plaintiff's forged signature to be executed and recorded against the Property." *Id.* at 3.

Thus, the Second Amended Complaint does not state a claim upon which relief can be granted.  The Court recommends that the pending Motions to Dismiss [DE 101; DE 104; DE 105; DE 108; DE 114; DE 118] be **GRANTED** and that the Second Amended Complaint [DE 98] be **DISMISSED**.[1]  As Plaintiff was given a prior opportunity to amend and did not remedy the pleading deficiencies, the Court recommends that the dismissal be **WITH PREJUDICE** and without further leave to amend.  The Court recommends that this case be **CLOSED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 24th day of February, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

---

[1] The only Defendant named in the Second Amended Complaint that did not move to dismiss is Budget Notary Services, Inc.  The Clerk of Court previously entered default against Budget Notary Services, Inc.  DE 75.  But as Plaintiff has not pled a claim upon which relief can be granted, Plaintiff cannot obtain final default judgment against Budget Notary Services, Inc.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (explaining that "a default judgment cannot stand on a complaint that fails to state a claim").  The claims against Budget Notary Services, Inc. should be dismissed as well.