**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-62206-DIMITROULEAS/AUGUSTIN-BIRCH**

**AYATOLLAH HYLTON,**

      **Plaintiff,**

**v.**

**CHIVONE JANEE HYLTON,** *et al.*,

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION TO DENY**
**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND**
**TO DENY AS MOOT PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

The Honorable William P. Dimitrouleas, United States District Judge, referred this case to the undersigned United States Magistrate Judge for a ruling on all post-judgment non-dispositive matters and for a report and recommendation on all post-judgment dispositive matters. DE 127. The case now comes before the Court on Plaintiff Ayatollah Hylton's Motion to Alter or Amend Judgment and Request for Judicial Notice. DE 126; DE 134. The Court has carefully considered the Motion and Request, the Responses and Replies thereto [DE 129 to DE 133, DE 136, and DE 137], and the record and is fully advised in the premises.

In the Motion to Alter or Amend Judgment, Plaintiff asks the Court to reconsider the Order at docket entry 124 dismissing the Second Amended Complaint with prejudice for failure to state a claim upon which relief could be granted. Reconsideration of a prior order "is an extraordinary remedy to be employed sparingly." *Su v. Local 568, Transp. Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1336 (S.D. Fla. 2023) (quotation marks omitted). "[A] party may move for reconsideration only when one of the following has occurred: an intervening change in controlling

law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Produce Pay, Inc. v. Agrosale, Inc.*, 533 F. Supp. 3d 1140, 1147 (S.D. Fla. 2021) (quotation marks omitted). "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (quotation marks omitted).

Plaintiff does not dispute the Court's ruling that the Second Amended Complaint did not state a claim upon which relief could be granted. Instead, Plaintiff seeks leave to once again amend the Complaint. A district court has discretion to deny further leave to amend when the plaintiff has failed to cure deficiencies in the complaint despite receiving an opportunity to do so. *Grappell v. Cardona*, No. 24-cv-23937, 2025 WL 947545, at *6 (S.D. Fla. Mar. 28, 2025). Plaintiff filed three versions of the Complaint, and none of the versions stated a claim upon which relief could be granted. DE 1; DE 21-1; DE 98. Before dismissing this case with prejudice, the Court gave Plaintiff multiple opportunities to amend the Complaint to comply with basic pleading standards and to provide factual allegations to plausibly state the claims. The Court need not grant Plaintiff perpetual opportunities to attempt to state a claim. Plaintiff has not presented a basis for the Court to reconsider the prior Order.

Therefore, the Court recommends that Plaintiff's Motion to Alter or Amend Judgment [DE 126] be **DENIED**. The Court further recommends that Plaintiff's Request for Judicial Notice [DE 134] be **DENIED AS MOOT**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.

28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 23rd day of April, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE